# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cherise Lynette Allen<br>    *Debtor* | CHAPTER 13 |
| Community Loan Servicing, LLC fka Bayview Loan Servicing, LLC<br>    *Movant*<br>vs. | NO. 20-10007 MDC |
| Cherise Lynette Allen<br>    *Debtor* | 11 U.S.C. Section 362 |
| Kenneth E. West, Esquire<br>    *Trustee* | |

## **STIPULATION**

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$18,616.48,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 2020 to January 2021 at $914.22/month |
| | February 2021 to November 2021 at $914.05/month |
| Late Charges: | $1,238.00 |
| **Total Post-Petition Arrears** | **$18,616.48** |

2. The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

  a) Debtor shall submit a substantially complete loss mitigation application by November 30, 2021.

  b) Debtor shall obtain a trial modification by December 31, 2021.

  c) Debtor shall obtain a permanent modification by May 1, 2022.

3. Additionally, beginning on December 1, 2021, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4. If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5. Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6. In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7. In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

10. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12. The parties agree that a facsimile signature shall be considered an original signature.

Date: November 8, 2021                          By: /s/ Rebecca A. Solarz, Esquire
                                                Attorney for Movant

Date: November 12, 2021                         /s/ David M. Offen, Esquire
                                                David M. Offen, Esquire
                                                Attorney for Debtor

                                                No Objection

Date: November 15, 2021                         /s/ LeeAne O. Huggins
                                                Kenneth E. West, Esquire
                                                Chapter 13 Trustee

Approved by the Court this 16th day of November 2021. However, the court retains discretion regarding entry of any further order.

Magdeline D. Coleman
Chief U.S. Bankruptcy Judge