United States Bankruptcy Court

Eastern District of Pennsylvania

In re:                                                                  Case No. 20-10007-mdc

Cherise Lynette Allen                                                   Chapter 13

Cherise Lynette Allen
    Debtors

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Nov 17, 2021 | Form ID: pdf900 | Total Noticed: 2 |

The following symbols are used throughout this certificate:
**Symbol**      **Definition**

+       Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Nov 19, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Cherise Lynette Allen, MAILING ADDRESS, 6411 North 6th Street, Philadelphia, PA 19126-3806 |
| cr | | ECMC, P.O. BOX 16408, ST. PAUL, MN 55116-0408 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Nov 19, 2021                Signature:      /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 17, 2021 at the address(es) listed below:**

**Name**               **Email Address**

BRIAN CRAIG NICHOLAS

      on behalf of Creditor Community Loan Servicing  LLC bnicholas@kmllawgroup.com, bkgroup@kmllawgroup.com

CHRISTOPHER A. DENARDO

      on behalf of Creditor CARRINGTON MORTGAGE SERVICES  LLC pabk@logs.com, logsecf@logs.com;klittle@logs.com;cdenardo@logs.com

DAVID M. OFFEN

      on behalf of Debtor Cherise Lynette Allen dmo160west@gmail.com davidoffenecf@gmail.com;offendr83598@notify.bestcase.com

DENISE ELIZABETH CARLON

      on behalf of Creditor Community Loan Servicing  LLC bkgroup@kmllawgroup.com

District/off: 0313-2

Date Rcvd: Nov 17, 2021

User: admin

Form ID: pdf900

Page 2 of 2

Total Noticed: 2

KENNETH E. WEST

ecfemails@ph13trustee.com  philaecf@gmail.com

KRISTEN D. LITTLE

on behalf of Creditor CARRINGTON MORTGAGE SERVICES  LLC pabk@logs.com, klittle@logs.com;logsecf@logs.com

MICHAEL JOHN CLARK

on behalf of Creditor CARRINGTON MORTGAGE SERVICES  LLC mclark@squirelaw.com

REBECCA ANN SOLARZ

on behalf of Creditor BAYVIEW LOAN SERVICING  LLC bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com

REBECCA ANN SOLARZ

on behalf of Creditor Lakeview Loan Servicing  LLC bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com

REBECCA ANN SOLARZ

on behalf of Creditor Community Loan Servicing  LLC bkgroup@kmllawgroup.com, rsolarz@kmllawgroup.com

United States Trustee

USTPRegion03.PH.ECF@usdoj.gov

TOTAL: 11

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Cherise Lynette Allen | CHAPTER 13 |
| Debtor | |
| | |
| Community Loan Servicing, LLC fka Bayview Loan Servicing, LLC | |
| Movant | NO. 20-10007 MDC |
| vs. | |
| | |
| Cherise Lynette Allen | |
| Debtor | 11 U.S.C. Section 362 |
| | |
| Kenneth E. West, Esquire | |
| Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.      The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$18,616.48,** which breaks down as follows;

| | |
|---|---|
| Post-Petition Payments: | May 2020 to January 2021 at $914.22/month |
| | February 2021 to November 2021 at $914.05/month |
| Late Charges: | $1,238.00 |
| **Total Post-Petition Arrears** | **$18,616.48** |

2.      The Debtor(s) shall cure said arrearages through a loan modification within the following schedule:

a)  Debtor shall submit a substantially complete loss mitigation application by November 30, 2021.

b)  Debtor shall obtain a trial modification by December 31, 2021.

c)  Debtor shall obtain a permanent modification by May 1, 2022.

3.      Additionally, beginning on December 1, 2021, Debtor shall also make regular post-petition payments on the first (1st) of each month in accordance with the terms of the note and mortgage while the loan modification application is pending.

4.      If a timely trial modification is obtained, Debtor shall then continue to make regular trial modification payment followed by regular permanent modification payments thereafter, both as directed within the modification documents.

5.      Should debtor(s) provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

6.      In the event any of the events listed within Section 2 are not completed within the listed deadline, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may amend her Chapter 13 Plan to provide for payment of Movant's arrears within Section 4(a), "Curing Default and Maintaining Payments", within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to do so, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

7.      In the event any of the payment listed under either Section 3 or 4 are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor(s) and Debtor's attorney of the default in writing and the Debtors may cure said default within FIFTEEN (15) days of the date of said notice.  If Debtor(s) should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

8.      The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

9.      If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

10.     If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

11.     The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

12.    The parties agree that a facsimile signature shall be considered an original signature.

Date:    November 8, 2021                          By: */s/ Rebecca A. Solarz, Esquire*
                                                              Attorney for Movant


Date:    *November 12, 2021*                        */s/ David M. Offen, Esquire*
                                                              David M. Offen, Esquire
                                                              Attorney for Debtor


                                                              No Objection

Date:    November 15, 2021                          /s/ LeeAne  O. Huggins
                                                              Kenneth E. West, Esquire
                                                              Chapter 13 Trustee


Approved by the Court this 16th day of _____November_____ 2021.  However, the court
retains discretion regarding entry of any further order.

                                                              Magdeline D. Coleman
                                                              Chief U.S. Bankruptcy Judge